UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINAMAR CORPORATION, d/b/a
LINTOOL MFG.,

    Plaintiff,

v.

HARVEY GOLDMAN AND COMPANY,
d/b/a WORLDWIDE EQUIPMENT
COMPANY,

    Defendant.
_____/

CIVIL ACTION NO. 09-11458

DISTRICT JUDGE PAUL D. BORMAN

MAGISTRATE JUDGE DONALD A. SCHEER

## **ORDER**

    This matter is before the magistrate judge for hearing and determination of Worldwide Equipment Company's Motion to Withdraw and/or Amend "Admissions." The parties appeared, for hearing, on December 22, 2009. Having reviewed the Motion, together with Plaintiff's Response, and having had the benefit of oral argument, I find that the Motion should be granted.

    The Complaint in this action was filed April 17, 2009. Movant filed its Answer and Counterclaim on June 1, 2009. Plaintiff filed its Answer to the Counterclaim on June 22, 2009. A Discovery Plan was jointly filed on July 21, 2009, and a Scheduling Order was issued.

    Plaintiff amended its Complaint on September 30, 2009. Five days later, Plaintiff filed its Motion for Summary Judgment. Movant filed its Answer to the Amended Complaint on October 21, 2009. The Motion for Summary Judgment is set for hearing before the district judge on January 7, 2010.

The instant Motion relates to certain requests for admission. Plaintiff's served those Requests by mail upon the moving Defendant on August 4, 2009. Pursuant to Fed.R.Civ.P. 5(b)(2)(C), service was complete upon mailing. Fed.R.Civ.P. 36(a)(3) provides that a matter is admitted unless, within thirty (30) days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection. In this case, the thirty (30) day period expired on September 3, 2009. See Fed.R.Civ.P. 6(a). Fed.R.Civ.P. 6(d), however, provides that, when service is made under Rule 5(b)(2)(C), "three days are added after the period would otherwise expire under Rule 6(a)." In this case, the third day following the initial thirty (30) day period was September 6, 2009, a Sunday. Fed.R.Civ.P. 6(a)(3) provides that Sundays are excluded from time computations, and directs that, "[w]hen the last day is excluded, the period runs until the next day that is not a Saturday, Sunday, legal holiday or day when the Clerk's Office is inaccessible." Monday, September 7, 2009, was Labor Day, a legal holiday as defined in Fed.R.Civ.P. 6(a)(6)(A). Thus, by my computation, movant was initially obliged to file Answers or Objections to Plaintiff's Requests for Admissions no later than September 8, 2009.

On August 31, 2009, however, Plaintiff's counsel granted a "two-week" extension of the period in which movant was required to respond. Therefore, Answers or Objections were due no later than September 22, 2009. It is undisputed that no Responses or Objections were filed within that time limit.

Counsel for movant, Harvey Goldman and Company, d/b/a Worldwide Equipment Company ("Worldwide") asserts that a series of events combined to preclude his compliance with the time limit for his client's responses/objections to Plaintiff's Requests for Admissions. Those events commenced on September 20, 2009 with the emergency hospitalization of counsel's father, and included, in rapid succession, two funerals of

parents of close friends, the observance of Jewish holidays, the emergency hospitalization of counsel's mother for surgical repair of a perforated colon, and the illness of counsel himself with the H1N1 strain of influenza and pneumonia. The effect of those events was to distract counsel, a sole practitioner, from his law practice.

On October 5, 2009, during the course of moving counsel's difficulties, Plaintiff filed its Motion for Summary Judgment. The Motion is premised, in part, upon the proposition that the matters addressed in its various Requests for Admission must be deemed admitted by reason of Worldwide's failure to respond. By Stipulation, the court extended the date by which Worldwide was required to respond to the Motion for Summary Judgment to November 23, 2009. On that date, movant filed its Response to the Motion for Summary Judgment as well as the instant Motion. Attached to the latter submission were proposed Responses to Plaintiff's Request for Admissions. Thirteen of the requests were admitted. Movant interposed objections to the remaining five requests on the ground that each sought a legal conclusion. Following the objections, movant further disputed each of the requested propositions on factual grounds.

Fed.R.Civ.P. 36(b) provides as follows:

> **(b) Effect of an Admission; Withdrawing or Amending it.**
> A matter admitted under this Rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this Rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

I am satisfied that granting Worldwide's Motion to Withdraw its Admissions by Default, and allowing its proposed responses is in the interests of justice. Thirteen of Plaintiff's Requests

are admitted in full. As to the remaining five Requests, Worldwide has both interposed objections and offered a factual basis for its refusal to admit.

Each of movant's objections is based upon the view that Plaintiff request a legal conclusion. In my view, the objections are not well taken, and should be overruled. Plaintiff was entitled to seek Worldwide's position as to questions of law relevant to their dispute. Had Worldwide merely stood upon its objections, I would have no difficulty in deeming the substance of the requests admitted. Because movant asserted in each instance a fact based explanation for its dispute of the requested proposition, I find that permitting the amendment would promote the presentation of the merits of this action, and would not prejudice Plaintiff in maintaining its claims on the merits.

Movant's counsel, a sole practitioner, has presented the circumstances which resulted in his failure to file Responses to Plaintiff's Requests for Admissions within the extended time limit. Plaintiff has not disputed the accuracy of that account. I am satisfied that sufficient justification exists for relieving the movant from its admissions by default. The belated Responses to Plaintiff's Requests introduce no new factual assertions, and will not hinder Plaintiff in prosecuting this case on the merits. The court may enter conclusions of law consistent with the facts established by the evidence. Worldwide should not be bound by default to legal conclusions which may be inconsistent with the evidence, simply by reason of its attorney's unfortunate circumstances.

IT IS THEREFORE ORDERED that Worldwide Equipment Company's Motion to Withdraw and/or Amend Admissions is granted.

s/Donald A. Scheer<br>DONALD A. SCHEER<br>UNITED STATES MAGISTRATE JUDGE

DATED: December 31, 2009

**CERTIFICATE OF SERVICE**

 I hereby certify on December 31, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 31, 2009: **None.**

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge Donald A. Scheer
        (313) 234-5217